IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN CALVERT, *individually and on behalf of all others similarly situated*;<br><br>Plaintiff,<br><br>v.<br><br>TRUE VALUE COMPANY, L.L.C.,<br><br>Defendant. | Civil Action No. 22-1461 |

## MEMORANDUM ORDER

Presently before the Court is Defendant True Value Company, L.L.C.'s Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 24).  Therein, True Value Company, L.L.C. ("TVC") moves to dismiss Plaintiff Brian Calvert's ("Calvert") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for want of personal jurisdiction, and pursuant to Rule 12(b)(6) for failure to adequately allege his entitlement to relief for TVC's (1) violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, or (2) intrusion upon his seclusion.  Calvert opposes the motion and requests that, if this Court finds his allegations are insufficient to establish personal jurisdiction, the Court give him leave to conduct limited discovery relevant to that issue.  (Docket No. 29, pgs. 11-12).  The Court has considered the parties' arguments in the briefing on the motion, as well as their notices of supplemental authority. (Docket Nos. 33-42).  And, for the reasons briefly explained herein, the Court will deny TVC's motion without prejudice and will give Calvert leave to engage in limited jurisdictional discovery.

A defendant may move to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  A federal district court asserts personal jurisdiction over a non-resident party to the extent authorized by the law of its forum state.  *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022) ("Federal courts thus 'ordinarily follow state

law in determining the bounds of their jurisdiction over persons.'" (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014))). Pennsylvania's long-arm statute authorizes courts to exercise jurisdiction to the "fullest extent allowed under the Constitution of the United States." *Id.* (quoting 42 Pa. Cons. Stat. § 5322(b)). When a defendant raises the defense of the court's lack of personal jurisdiction, the plaintiff has the burden of coming forward with facts to establish that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

This Court "has discretion to allow discovery when considering a motion to dismiss for lack of personal jurisdiction." *In re Diisocyanates Antitrust Litig.*, No. 18-1001, 2020 WL 1140245, at *7 (W.D. Pa. Mar. 9, 2020) (quoting *Streamlight, Inc. v. ADT Tools, Inc.*, No. 03-1481, 2003 WL 22594316, at *1 (E.D. Pa. Oct. 9, 2003)). And the Court will exercise its discretion in this matter to give Calvert "a fair opportunity to engage in jurisdictional discovery to obtain facts necessary for thorough consideration of the jurisdictional issue" at hand. *Id.* (quoting *Streamlight*, 2003 WL 22594316, at *1); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (explaining that courts should allow jurisdictional discovery "unless the plaintiff's claim is 'clearly frivolous.'" (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997))).

The Court notes that TVC asks the Court to deny Calvert's request for jurisdictional discovery. (Docket No. 32, pg. 4). TVC argues that Calvert has failed to make an adequate

2

showing of "requisite contacts" between it and Pennsylvania to allow discovery, and TVC further argues that Calvert's jurisdictional discovery request would be futile because Calvert indicates that he will seek discovery on, *e.g.*, the number of Pennsylvania visitors to the TVC website and the amount of revenue TVC earned from Pennsylvanians.  (*Id.* at 4-5).  The Court acknowledges that a plaintiff is not entitled to "jurisdictional discovery … merely because [he] requests it." *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 565 (3d Cir. 2017) (quoting *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015)).  However, limited jurisdictional discovery on the matter of whether TVC "expressly aimed" its alleged tortious conduct at Pennsylvania will assist the Court's consideration of the matter of personal jurisdiction before it.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998).  Thus, the Court having determined that limited jurisdictional discovery is appropriate at this juncture, the Court will deny TVC's motion to dismiss under both Rule 12(b)(2) and 12(b)(6) without prejudice to refiling at a later date.

Accordingly, the Court enters the following Order:

AND NOW, this 26th day of July 2024,

IT IS HEREBY ORDERED that TVC's Motion to Dismiss (Docket No. 24) is DENIED WITHOUT PREJUDICE to refiling after the parties have engaged in a period of limited discovery as set forth herein.  IT IS FURTHER ORDERED that the parties shall engage in a 60-day period of discovery limited to ascertaining whether the Court may exercise personal jurisdiction over TVC.  Such discovery shall be completed by September 24, 2024.  AND IT IS FURTHER ORDERED that TVC shall have 21 days for re-filing any motion to dismiss after the limited discovery described *supra* is complete.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:	All counsel of record